## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PHIL SAYRE,<br>             Appellant, | DOCKET NUMBER<br>DC-0752-16-0036-I-1 |
|       v. | |
| ENVIRONMENTAL PROTECTION<br>   AGENCY,<br>            Agency. | DATE: November 2, 2022 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark R. Heilbrun, Esquire, Fairfax Station, Virginia, for the appellant.

David P. Guerrero, Esquire and Rebecca Wulffen, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement and constructive demotion claims for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      It is undisputed that, effective August 11, 2013, the appellant was reassigned, with no loss in grade or pay, from a GS-15, step 10 Biologist position with the agency's Risk Assessment Division's Immediate Office to another GS-15, step 10 Biologist position with the agency's New Chemicals Screening and Assessment Branch.  Initial Appeal File (IAF), Tab 6 at 13.  More than 16 months later, effective December 31, 2014, the appellant retired under the agency's Voluntary Separation Incentive Program and received a separation incentive payment.  *Id.* at 16.  On October 12, 2015, he filed the instant appeal challenging his reassignment as a constructive demotion and his retirement as involuntary based on intolerable working conditions.  IAF, Tab 1 at 4, 6.  He also alleged that the agency discriminated against him on the basis of his age.  *Id.* at 6.

¶3      The administrative judge issued an order informing the appellant that the Board lacks jurisdiction over voluntary retirements and explained that to be entitled to a jurisdictional hearing he must make a nonfrivolous allegation that his

retirement was involuntarily obtained through coercion, duress, or misinformation provided by the agency. IAF, Tab 3 at 2. The order also set forth the criteria for establishing jurisdiction over a claim of constructive demotion. *Id.* at 3-4.

¶4 After considering the parties' responses to the order, the administrative judge issued an initial decision finding that the appellant failed to present nonfrivolous allegations that his retirement was involuntary or that he was constructively demoted. IAF, Tab 7, Initial Decision (ID) at 3-8. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction without holding the requested hearing.[2] ID at 1, 9.

¶5 The appellant has filed a petition for review of the initial decision, the agency has responded in opposition, and the appellant has replied to the agency's response. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 An appellant is only entitled to a jurisdictional hearing if he makes a nonfrivolous allegation of Board jurisdiction. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 11 (2007). Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter in issue. *Id.*; *see* 5 C.F.R. § 1201.4(s).

¶7 The appellant alleged that his supervisors oversaw a reorganization in which several older employees were reassigned and then subjected "to utterly intolerable work conditions" and that his "ultimate decision to retire was proximately influenced by the initial illegitimate constructive demotion and intervening intolerable work conditions." IAF, Tab 5 at 5-6. Outside of his conclusory statement that the reassigned older employees were required to

---

[2] Because the administrative judge dismissed the appeal for lack of jurisdiction, she did not decide whether the appellant demonstrated good cause for the apparent untimeliness of the appeal. ID at 8 n.2.

perform duties and accept responsibilities not commensurate with their pay and grade, there is no indication as to why he believes that his working conditions were intolerable. *Id.* The appellant's allegations regarding his involuntary retirement claim are conclusory because he does not describe what duties he was forced to perform that he believes were intolerable or what other actions the agency took that made his work environment intolerable. His pro forma allegations are insufficient to obtain Board jurisdiction. *See Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶¶ 6-8 (2016), *aff'd per curiam*, 679 F. App'x 1006 (Fed. Cir. 2017), *and overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n. 11..

¶8　　We have considered the appellant's allegations of discrimination and other violations of law only insofar as those allegations relate to the issue of the voluntariness of his retirement. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 20 (2007); *see Baker v. U.S. Postal Service*, 71 M.S.P.R. 680, 695 (1996). Again, we find his allegations of discrimination to be pro forma in nature. IAF, Tabs 1, 5; PFR File, Tab 1, 4; *see Clark*, 123 M.S.P.R. 466, ¶¶ 6-8. Similarly, though he asserted that his supervisors violated the law by assigning him "less-than-grade-appropriate assignment[s]," PFR File, Tab 1 at 5, such an allegation is conclusory and, even if true, we find would be insufficient to establish that his retirement was involuntary, *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶¶ 13-15 (explaining that unpleasant working conditions or dissatisfaction with work assignments generally will not be so intolerable as to compel a reasonable person to resign), *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011). Moreover, though he served in his reassignment for over 16 months, he did not allege that he attempted to exhaust his remedial avenues. *See id.*, ¶ 15. Nor did he allege that he was under any sort of time pressure to resign when he did. *See Holser v. Department of the Army*, 77 M.S.P.R. 92, 95-96 (1997). Because he could have remained in his position and contested the validity of the agency's actions but chose not to, we find that he has failed to nonfrivolously allege that

his resignation was involuntary. *See Brown*, 115 M.S.P.R. 609, ¶ 15; *cf. Heining v. General Services Administration*, 68 M.S.P.R. 513, 523 (1995) (finding an involuntary resignation after the appellant offered overwhelming evidence supporting an intolerable working environment and did not resign until she pursued many grievances and two complaints, receiving an adverse decision on her grievances just prior to her resignation).

¶9    Regarding his constructive demotion claim, the appellant does not allege that the former position from which he was reassigned was upgraded following his reassignment, but instead argues that the position was misclassified and was worth a higher grade. IAF, Tab 5 at 5, 9. Because the Board lacks jurisdiction over appeals concerning a position's proper classification[3] and may exercise jurisdiction in a constructive demotion appeal only when an appellant's former position actually has been reclassified upward, the appellant has failed to raise a nonfrivolous allegation of Board jurisdiction under a constructive demotion theory. *See Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 8 (2001).

¶10    On review, the appellant alleges that the administrative judge appeared biased because, essentially, she decided in favor of the agency. PFR File, Tab 1 at 10-11. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). Furthermore, an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his or her comments or actions evince "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540,

---

[3] Federal employees may request a decision from the Office of Personnel Management as to the appropriate occupational series or grade of their official position. 5 C.F.R. § 511.603(a)(1).

555 (1994)). Here, the appellant has not identified any evidence of prejudice, favoritism, or antagonism in the proceedings below. Accordingly, we find no merit to the appellant's allegations of bias.

¶11 The appellant also referenced an erroneous statement in the initial decision that he was reassigned to a GS-14 position rather than a GS-15 position. PFR File, Tab 1 at 4 n.2, 10; ID at 2. This typographical error does not affect the legal analysis in the initial decision, and we find it is of no legal consequence. *See Goetz v. Office of Personnel Management*, 56 M.S.P.R. 298, 300 n.2 (1993). Similarly, despite the appellant's contentions to the contrary, PFR File, Tab 1 at 7, the administrative judge's election not to cite each of his unsupported and irrelevant allegations in the initial decision does not show that she failed to consider them or otherwise erred. *See Kirkpatrick v. U.S. Postal Service*, 74 M.S.P.R. 583, 589 (1997).

¶12 After full consideration of the appellant's arguments on review, we deny his petition for review and affirm the initial decision dismissing his appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:       /s/ for

           Jennifer Everling
           Acting Clerk of the Board
Washington, D.C.